UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

CHRISTOPHER MONGIELLO,

                                       Debtor.
-------------------------------------------------------------- x

CHRISTOPHER MONGIELLO,

                                      Appellant,

    - against -

TIFFANY BROOK EASTMAN,

                                      Appellee.
---------------------------------------------------------------x

**ORDER**

No. 24-CV-694 (CS)

Seibel, J.

        Before the Court is Appellant's Emergency Motion for Stay Pending Appeal. (*See* ECF No. 4.) For the following reasons, the motion is DENIED.

## **Background**

        Appellant filed a Notice of Appeal on January 31, 2014 seeking review of an Order Modifying the Automatic Stay entered by the Bankruptcy Court on January 19, 2024, (*see* ECF No. 1 ¶¶ 10-11), whereby the Bankruptcy Court vacated the automatic stay as to Appellee's interests in a condominium "to allow [Appellee] to take the necessary steps as Court Appointed Temporary Receiver to sell the [condominium]," in which Appellant resides, (Bankr. S.D.N.Y. Case No. 23-22732, ECF No. 43).[1] Approximately one week earlier, Appellant had filed a

---

[1] Familiarity with the underlying proceedings before Bankruptcy Judge Cecelia G. Morris is presumed. (*See* Bankr. S.D.N.Y. Case No. 23-22732.)

Motion for Stay Pending Appeal in the Bankruptcy Court, (*see* Bankr. S.D.N.Y. Case No. 23-22732, ECF No. 48), which was denied on February 15, 2024, (*see* Bankr. S.D.N.Y. Case No. 23-22732, ECF No. 61).  On February 14, 2024, Appellant filed a Motion for Stay Pending Appeal with this Court, (*see* ECF No. 4), seeking an "emergency order staying [the proceedings] pending the outcome of the appeal and . . . pending the outcome of the pending motion to have this court [(apparently meaning the Bankruptcy Court)] remove [Appellee] as the receiver," (*id.* at 14).

## Discussion

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court.  "This Court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  *In re Bernard L. Madoff Inv. Sec., LLC*, No. 15-CV-1151, 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), *aff'd sub nom. Matter of Bernard L. Madoff Inv. Sec., LLC*, 697 F. App'x 708 (2d Cir. 2017).[2]

The Bankruptcy Court's "adjudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case . . . [that] yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief," and this Court therefore has jurisdiction over an appeal from that final order.  *In re Regan*, No. 21-CV-1231, 2022 WL 16744175, at *5 (N.D.N.Y. Nov. 7, 2022).

> A movant for relief from the automatic stay in a bankruptcy court proceeding is required to make an initial showing of 'cause' for relief from the stay.  A number of factors [called the *Sonnax* factors] are relevant in determining whether cause to lift the automatic stay exists.  Not all of the *Sonnax* factors will be relevant in every case, and a court need not consider each factor in every case or give each

---

[2] Unless otherwise noted, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

>factor the same weight. If, through examination of the *Sonnax* factors, a movant has demonstrated cause to lift the automatic stay, the burden shifts to the non-movant to disprove that cause exists.

*Id*. at \*8; *see Buczek v. Nationstar Mortg. LLC*, No. 19-CV-1402, 2021 WL 631281, at \*6 (W.D.N.Y. Feb. 17, 2021). "[A]djudication of automatic stay relief is reviewed for abuse of discretion." *In re Regan*, 2022 WL 16744175, at \*7. "A bankruptcy court exceeds its allowable discretion where its decision (1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding." *Miles v. Chase Bank*, No. 20-CV-4748, 2022 WL 842073, at \*1 (E.D.N.Y. Jan. 24, 2022).

"The decision to grant a stay of an order pending appeal lies within the sound discretion of the [district] court." *In re LATAM Airlines Grp. S.A.*, No. 20-11254, 2022 WL 2657345, at \*3 (Bankr. S.D.N.Y. July 8, 2022). In the Second Circuit, the standard governing the entry of a stay pending appeal is comprised of four factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility . . . of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections in City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993). The moving party bears a heavy burden to show it is entitled to the extraordinary relief of a stay. *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016). "While a number of lower courts within the Second Circuit have held that the failure of the movant to satisfy any of the four criteria compels denial of a motion for a stay pending appeal, other courts have approached the question as a balancing test." *In re CPJFK, LLC*, 496 B.R. 65, 68 (Bankr. E.D.N.Y. 2011) (collecting cases). I will balance all four factors, taking into account the available record and Appellant's submissions.

3

### A. **Irreparable Harm**

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay," *In re Klinger*, No. 01-CV-2311, 2002 WL 1204958, at *2 (D. Conn. May 9, 2002), and "such harm must be neither remote nor speculative, but actual and imminent," *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016).

"The fact that [a] property will be sold absent a stay does not automatically constitute irreparable harm" because, in certain circumstances, harm from the sale of a property "may be fully remedied by monetary damages . . . ." *In re Giambrone*, 600 B.R. 207, 213 (Bankr. E.D.N.Y. 2019). And while "courts in this circuit have held that eviction can be an irreparable injury," those holdings hinge on "the party facing eviction also fac[ing] the real threat of homelessness." *Greer v. Mehiel*, No. 15-CV-6119, 2016 WL 828128, at *9 (S.D.N.Y. Feb. 24, 2016) (collecting cases). Appellant has made no such showing here. (*See* ECF No. 4 ¶¶ 4, 14, 37-40.)

Moreover, Appellant has known that this eviction was reasonably imminent since April 2023, or at the very latest October 2023, and apparently filed the bankruptcy only to forestall the eviction. (*See* Bankr. S.D.N.Y. Case No. 23-22732, ECF No. 14-6 at 3:14-16, 4:4-8 (transcript of proceedings before New York Supreme Court at which parties entered into settlement providing Appellee's receivership would be temporarily suspended for 180 days to allow Appellant "to make a final attempt to refinance or pay off both mortgages on the condo," and that if Appellant "fail[ed] to timely refinance or pay off both mortgages . . . then the [Appellee's] receivership shall be automatically reinstated and she shall be entitled to re-list the condo for sale."); Bankr. S.D.N.Y. Case No. 23-22732, ECF No. 14-2 ¶ 16 ("[O]n September 11, 2023, [Appellant] filed a motion to vacate the portion of the Settlement that provided him 180 days to

4

refinance or satisfy the mortgages.  [Appellee's counsel] filed a Notice of Cross Motion on October 6, 2023, the 182nd day following entry of the Settlement, but found out [Appellant] had filed for Chapter 13 Bankruptcy relief on October 5, 2023.").)[3]

Accordingly, this factor favors Appellee.

### B.    Substantial Injury to Other Parties

"In addition to showing irreparable harm, the party seeking a stay must also establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted."  *In re 473 W. End Realty Corp.*, 507 B.R. 496, 507 (Bankr. S.D.N.Y. 2014).  "In other words, the moving party must show that the balance of harms tips in favor of granting the stay."  *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 349 (Bankr. S.D.N.Y. 2007), *stay vacated by* No. 07-0279, 2007 WL 7706743 (2d Cir. Feb. 9, 2007).

Here, Judge Morris succinctly described the substantial harms faced by Appellee, who for "[f]ourteen years following the divorce [from Appellant] . . . has been subjected to inaccurate credit ratings and premiums due to the [Appellant's] refusing to abide by the terms of the original divorce stipulation and every stipulation that followed," harms which persist while Appellant "uses . . . tactic after tactic to delay the sale of the condominium."  (ECF No. 7 at

---

[3] Appellant does not argue that his appeal will become moot absent a stay, but in any event, that an "appeal may be rendered moot in the absence of a stay is not a bar to finding that the imminent injury factor weighs against Debtor-Appellant."  *Hamilton Rd. Realty, LLC v. United States Tr.*, No. 20-CV-1746, 2021 WL 878734, at *2 (E.D.N.Y. Mar. 9, 2021).  "Courts are divided, and the Second Circuit has not yet spoken, on the issue of whether the risk that an appeal may become moot in the absence of a stay pending appeal satisfies the irreparable injury requirement," but "a majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm."  *In re Windstream Holdings, Inc.*, No. 20-CV-4276, 2020 WL 4481933, at *3 (S.D.N.Y. Aug. 3, 2020).  Even if that risk were sufficient to show irreparable harm, "the mere threat of equitable mootness is not grounds, per se, for granting stay relief.  The Court must further consider whether the [movant has] shown actual and imminent irreparable harm and, if so, whether, in balancing the four factors [it has] met [its] burden of proof that [it is] entitled to a stay pending appeal."  *In re LATAM Airlines Grp.*, 2022 WL 2657345, at *5.

18:20-19:1; *see generally* Bankr. S.D.N.Y. Case No. 23-22732, ECF No. 14-2 (declaration setting forth Appellant's refusal to comply with court orders concerning the sale of the condominium and resultant harms to Appellee).)

Thus, this factor also weighs in favor of Appellee.

### C. Substantial Possibility of Success on Appeal

"The proper standard governing the 'strength-of-the-case component' in determining whether to grant a motion for a stay pending appeal of a bankruptcy court order is a substantial possibility of success on the merits." *In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *5 (Bankr. N.D.N.Y. Apr. 3, 2018). Appellant must therefore show that the Bankruptcy Court's Order Modifying the Automatic Stay, (*see* ECF No. 1), is "erroneous, and thus, substantially likely to be reversed on appeal," *In re Magnale Farms*, 2018 WL 1664849, at *5 – in other words, that the Order was an abuse of discretion.

No such showing has been made. The record reflects that the Bankruptcy Court identified the proper legal standard in 11 U.S.C. § 362(d) and considered the applicable *Sonnax* factors. (*See* ECF No. 7 at 16:21-19-2.) She does not appear to have abused her discretion in lifting the stay, particularly as Appellant's counsel did not dispute that Appellant had failed to satisfy the conditions set forth in the settlement agreement reached in the state court in April 2023, a failure which resulted in the reinstatement of Appellee's receivership over the condominium, (*id.* at 14:6-18, 16:1-21). Appellant's arguments that his appeal has merit are little more than *ad hominem* attacks on Appellee and New York state courts. (*See* ECF No. 4 ¶ 21 ("[D]ue to the greed of [Appellee] and the bias of the court in her favor, [Appellant] now finds himself in appeal" even though "[t]here was no legal or factual basis entitling [Appellee] to any share of the proceeds of the sale [of the condominium] and this entire action is ludicrous, an

abuse of process, and frankly insane."); *id.* ¶ 30 ("The greed of [Appellee] drove her to seek a forced sale of the [condominium]"); *id.* ¶ 31 ("The State Court erred in refusing to allow discovery to be completed before ruling and not compelling discovery by [Appellee]"); *id.* ¶ 34 ("The State Court ignored the fact that [Appellee] herself is in contempt").)

This factor thus weighs in favor of Appellee.

### D. Public Interests

Finally, I must consider the public interests that may be affected. In general, "[c]ourts recognize that the public interest disfavors stays because the public interest favors the expedient administration of the bankruptcy proceedings." *In re LATAM Airlines Grp.*, 2022 WL 2657345, at *11. That is particularly so where a debtor has abused the bankruptcy process to "frustrate and delay . . . creditor[s] from exercising [their] legitimate rights." *In re Melton*, No. 11-70984, 2011 WL 1600506, at *5 (Bankr. E.D.N.Y. Apr. 27, 2011); *see Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995).

In conclusory fashion, Appellant (apparently referring to his divorce case) claims that "public policy dictates that this court honor a twelve year old, duly executed, completely complied with settlement agreement," (ECF No. 4 ¶ 22), an argument that ignores and flies in the face of the New York state litigation record identified by Appellee, (*see generally* Bankr. S.D.N.Y. Case No. 23-22732, ECF No. 14-2). Moreover, and as Judge Morris made clear, Appellant's actions have resulted in "[s]ignificant harm . . . being done to [Appellee] while [Appellant] uses . . tactic after tactic to delay the sale of the condominium." (ECF No. 7 at 18:24-19:1.) Such creditor harms – unaddressed by Appellant – are plainly against the public interest. *See In re Taub*, No. 08-44210, 2010 WL 3911360, at *6 (Bankr. E.D.N.Y. Oct. 1, 2010) ("The interests of creditors are a significant determinant of the public interest in a bankruptcy

case," particularly where a case has a "long and contentious history" that has limited creditors' ability to obtain relief.).

Accordingly, the fourth factor weighs in favor of Appellee.

On balance, Appellant has fallen woefully short of the showing required for a stay pending appeal.

## Conclusion

For the foregoing reasons, Appellant's Motion for a Stay Pending Appeal, (*see* ECF No. 4), is DENIED.  The Clerk of Court is directed to terminate the pending motion.

**SO ORDERED.**

Dated: February 21, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.