*The Court has received this application only by email but will consider it in light of Plaintiff's pro se status. A motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Lewis v. Chrysler, 2023 WL 5561176, at *1 (SDNY 8/29/23) (internal quotation marks omitted). The standard is "strict" and reconsideration will be denied unless the movant shows that the Court overlooked controlling decisions or factual matters that were before it originally. Id. (same). Appellant points to no such decisions or factual matters and instead claims he "has additional information to supplement" his underlying motion. But "the availability of motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." S.K. v N.Y.C. Dep't of Educ., 2023 WL 3646935, at *1 (SDNY 5/25/23) (same). Accordingly, the motion is denied.*

*SO ORDERED.*

*Cathy Seibel    2/23/24*
*CATHY SEIBEL, U.S.D.J.*

*The Court will send Debtor copies of the above-cited decisions.*

---

**CHRISTOPHER M. MONGIELLO**
25 LEROY PLACE, PH #7
NEW ROCHELLE, NY 10805
TEL: 914 646-8224
therockacademy@mac.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

In Re:
CHRISTOPHER M. MONGIELLO
    Debtor,

_____

} APPEALS CASE NO. 7:24-CV-00694-CS
} CH 13 BK. CASE NO. 23-22732
} **EMERGENCY MOTION TO**
} **RECONSIDER ORDER DENYING**
} **MOTION FOR STAY PENDING**
} **APPEAL AND FOR CERTIFICATION**
} **EVICTION DATE FEBRUARY 23, 2024**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Appellant and Christopher M. Mongiello, Debtor, respectfully files this motion for reconsideration of the order denying the emergency motion for stay of the order lifting the automatic stay in favor of Creditor, Tiffany Eastman, pending the outcome of the appeal on the following grounds:

    This is a "core" proceedings, which may be heard and resolved by the bankruptcy court via final judgment. See 28 U.S.C. § 157 (b)(1). See 1 Norton Bankruptcy Law and Practice 2d § 4:75 (2005)

    On July 1st, 2022, TIFFANY BROOKE EASTMAN was appointed as receiver over the homestead home of the Creditor Tiffany Eastman with the power to evict the Debtor, his family, and sell the property. A motion is pending before the Bankruptcy Court to remove her as receiver. The order lifting the stay requires the funds from any sale of the subject property be returned to the debtors / Appellant's counsel for deposit into his trust account, with the clear

understanding that the Bankruptcy Court will decide how it is to be distributed. Tiffany Eastman will not be entitled to any of those funds, since she signed a quitclaim deed more than ten years ago, giving the debtor / Appellant all right title and interest in the subject property and giving up any claim or any interest in the property.

Debtor / Appellant has additional information in seek of the stay which the Court should consider in deciding whether to reinstate the stay. Given the inquiries by the court, the Appellant has additional information to supplement his motion, some of which have only occurred since the filing of his emergency motion.

**IRREPARABLE HARM:**

The Debtor / Appellant is married (currently undergoing a divorce with his current wife out of fear of the wife's fear of further retribution from Tiffany Eastman) and their infant child. Debtor / Appellant Mongiello has been looking for alternative housing and for storage for belongings they are packing in boxes. They have been unable to find storage and unable to find alternative housing. Money is not a remedy for being homeless and unable to find housing and storage for their belongings. This has been their homestead home for more than twelve years. They are being ousted from their home with no place to go.

The bankruptcy was NOT filed to forestall the eviction, it was done to prevent irreparable harm until he could prove beyond any doubt that the mortgages which the creditor claimed harmed her credit were void, and that he fully satisfied the terms of the Settlement Agreement that Tiffany Eastman herself is

in contempt of court. He filed the bankruptcy and the two adversary complaints to prove that there is and was no mortgage in Tiffany Eastman's name. The purported Second mortgage servicer, Shellpoint and the second mortgage servicer did not even file a claim. The Debtor sued Shellpoint and the trust and Shellpoint has already said they have no intention of responding to the adversary complaint. Debtor sent the second holder a stipulation for entry of judgment and proof of service of the summons and complaint is being filed by debtors counsel so he can either proceed with the default judgment or by stipulation for entry of judgment he sent to Shellpoint on its behalf and the behalf of the trust.

Debtors counsel has just filed debtors motion for summary judgment against the first, and is seeking quiet title and punitive damages for PHH's conduct in putting the Debtor into contempt of court. PHH took over the servicing from Ocwen. The loan modification that Eastman said Mongiello never obtained was made with OCWEN, honored by Ocwen, and their loan records all show Eastman was removed from the loan by the loan modification / novation. PHH did not honor the novation and in a letter led Eastman to believe that they still believed her responsible for the mortgage. To the contrary, Debtors Hud Counselor Expert has discovered facts that the NY State Supreme court did not understand or consider. First, the terms of the loan modification were different. The interest rate and the amount changed. The parties changed to just Mongiello. Mongiello and Ocwen signed the loan modification. The length of the loan changed. The loan logs show that just Christopher Mongiello is a borrower, and Tiffany Eastman's name does not appear where there is a second borrower.

**SUBSTANTIAL INJURY TO OTHER PARTIES**

Tiffany Eastman signed a quitclaim deed more than ten years ago, signing away all right title and interest in the subject property.  She has no right to any of the proceeds from the forced sale and the Court confirmed the same by requiring the proceeds be returned to debtors counsel and deposited into his trust account.  The pending summary judgment and default against the first and second mortgage wipes out any interest in the subject mortgages.  Tiffany Eastman has refused to answer any discovery about proof of the allegations to the harm to her credit. To the contrary, Cyndee Lee testified that she could find no harm to her credit, and with the loan modification, she could have disputed any charge appearing on her account. In fact, when Mongiello heard her complaint from Eastman that her credit report was being harmed, he filed a dispute with her credit reporting agencies demanding that any negative information be removed.  Eastman's own counsel demanded that Mongiello NOT communicate with the credit reporting agencies. So Eastman had no harm to her credit; took no steps to dispute any of these purported debts on her credit report; and did nothing to mitigate her own harm, and got angry when Mongiello reached out to mitigate that harm. There is no evidence of any harm to her credit. She will receive none of the proceeds from the sale of the property. She has no harm and the equities should balance in favor of the Appellant, not the Appellee.

**SUBSTANTIAL POSSIBLITY OF SUCCESS ON APPEAL**.

Given the new filings by Appellant / Mongiello's debtors counsel, and the conversations with Shellpoint, the appeal absolutely should be in favor of the

Appellant. The court sent a core proceeding back to family court before even hearing the motion to have Tiffany Eastman removed as receiver.  Receivership in this case violates the principals of the Chapter 13 debtor in possession.

Tiffany Eastman obtained the order to be appointed as a receiver by making false and material statements to the court, including the claim that Christopher Mongiello was in breach of the settlement agreement more than ten years after it was made. Given the standard, "Appellant must therefore show that the Bankruptcy Court's Order Modifying the Automatic Stay, (*see* ECF No. 1), is "erroneous, and thus, substantially likely to be reversed on appeal," *In re Magnale Farms*, 2018 WL 1664849, at *5 – in other words, that the Order was an abuse of discretion."

Here, the abuse of discretion comes when the Bankruptcy Court refused to consider the facts that there are two adversary complaints which will irrefutably prove that Debtor is free of those liens, one of which the Shellpoint and HSBC did not even file a claim in the bankruptcy court, and have unequivocally stated that they have no intention of fighting the adversary complaint. That the court did not even want to hear or consider the testimony of the HUD counselor that the first mortgage was in fact modified. That there was a novation, and that even their own records show there is now only one borrower. PHH cannot undo the loan modification with OCWEN.  The court did not even rule on the motion to have Eastman relieved as Receiver.   On the 4/7/23 order. My attorneys that represented me stated to me that they were not experts in this area and don't know of that area of the law. I was threatened in the court hallways to make a

decision based on myself filing frivolous motions before the court. My attorney told me that I may be responsible for all of her legal fees over 100k since I was already in contempt. My own attorneys didn't understand that the modification was a novation. I was in my bankruptcy attorney's office and heard the conversation between both attorneys and when her attorney was asked what this all about he stated there's just a lot of animosity here.

PHH is a collection agency, and they are not even a proper servicer for this debt after what they have done and the amount of damage they have caused. The put Mongiello into contempt, forced him into bankruptcy, and acted in bad faith breach and interference with the contractual relationship between Mongiello and Ocwen.

All the bad things happening to Mongiello are based on a July 2022 order based on a false testimony by the plaintiff.

The courts are simply not even bothering to read the terms on the actual modification. The modification was never recorded with the county. Even though it says it on the face it is a loan modification and the settlement agreement required him to obtain a loan modification. There was nothing requiring Mongiello as the only remedy to refinance the property.  Modification was an absolute option and he got a loan modification, even better, he got a Novation.

I have submitted exhibits with statements in my name only. The QWR shows that PHH IS COOKING the books.

Original mortgages will always be recorded. County records are not a testament of being true documents. Under 175.00(3) filing false instruments is enterprise corruption.

Who is making the claim is a collection agency (servicer) not the owner.

The court disregarded the filed documents, including the testimony of Cyndee Rae, the fact that Appellant's counsel admission that the conditions were not met are contradicted by the testimony of Cyndee Rae; her exhibits; and the two pending adversary complaints which are nearly completed. There simply should have been no rush to return the debtor back to state court, suffer liquidation of his property, only to return the proceeds back to the bankruptcy court for distribution by the bankruptcy court judge.  It makes no sense and was an abuse of discretion.

**PUBLIC INTEREST**

The public has an interest in honesty, veracity and a person coming to court have clean hands. Eastman never paid her $10,000 she promised to pay. She gave up all right title and interest in the property. What about the public interest in honoring settlement agreements. She settled and Mongiello promised to get a loan modification. He got a loan modification. He is being punished for PHH not honoring that modification when they mailed him a letter saying they are not letting Tiffany Eastman off the hook.

Tiffany Eastman has no interest in the property. She quitclaimed it. She does have animosity toward Mongiello. That is her sole goal, retribution.  She has been served with discovery to prove her damages and provided none in return.

She asked the court for a protective order protecting her from having to answer and prove her damages. The interests of creditors are a significant determinant of the public interest in a bankruptcy but she literally HAS NO INTEREST. The court has already ruled that the proceeds from any sale would be returned to the Debtors counsel.  There is no proof of any harm and SHE DID NOT EVEN FILE A CLAIM for any damages or money.  She has no interest in the property and no interest other than vindictiveness.

**CONCLUSION**

For the foregoing reasons, Christopher Mongiello respectfully prays for the emergency order staying the stay in place pending the outcome of the appeal and stay pending the outcome of the pending motion to have this court remove Eastman as the receiver. The Court should certify the matter for appeal since it is of a final order granting relief from an automatic stay.  *Ritzen Group, Inc. v. Jackson Masonry, LLC*, the U.S. Supreme Court held that: "[A]djudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case" which "yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." In other words, if a bankruptcy court definitively rules on a motion to lift the stay, a party has 14 days to appeal under Rule 8002 of the Federal Rules of Bankruptcy Procedure.

**SIGNATURE**

Dated: February 22, 2024

Respectfully Submitted:

_____
CHRISTOPHER M. MONGIELLO
25 Leroy Place, PH #7,
New Rochelle NY 10805
TEL: 914 646 8224
therockacademy@mac.com

**CHRISTOPHER M. MONGIELLO**
25 LEROY PLACE, PH #7
NEW ROCHELLE, NY 10805
TEL: 914 646-8224
therockacademy@mac.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____x
                                 } APPEALS CASE NO. 7:24-CV-00694-CS
In Re:                           } CH 13 BK. CASE NO. 23-22732
CHRISTOPHER M. MONGIELLO         }   AFFIRMATION OF
      Debtor,                    }   CHRISTOPHER MONGIELLO
                                 }
_____} EVICTION DATE FEBRUARY 23, 2024

_____x
                                 }
In Re:                           } CH 13 BK. CASE NO. 23-22732
CHRISTOPHER M. MONGIELLO         } AFFIRMATION OF CHRISTOPHER
                                 } M. MONGIELLO
      Debtor,                    }
_____}
```

If called to testify, the Debtor, Christopher Mongiello can testify to the following from his personal knowledge, and as to those matters based on his information and belief, he believes them to be true.

Appellant and Christopher M. Mongiello, Debtor, respectfully files this motion for reconsideration of the order denying the emergency motion for stay of the order lifting the automatic stay in favor of Creditor, Tiffany Eastman, pending the outcome of the appeal on the following grounds:

This is a "core" proceedings, which may be heard and resolved by the bankruptcy court via final judgment. See 28 U.S.C. § 157 (b)(1). See 1 Norton Bankruptcy Law and Practice 2d § 4:75 (2005)

On July 1st, 2022, TIFFANY BROOKE EASTMAN was appointed as receiver over the homestead home of the Creditor Tiffany Eastman with the power to evict the Debtor, his family, and sell the property. A motion is pending before the Bankruptcy Court to remove her as receiver. The order lifting the stay requires the funds from any sale of the subject property be returned to the debtors / Appellant's counsel for deposit into his trust account, with the clear understanding that the Bankruptcy Court will decide how it is to be distributed. Tiffany Eastman will not be entitled to any of those funds, since she signed a quitclaim deed more than ten years ago, giving the debtor / Appellant all right title and interest in the subject property and giving up any claim or any interest in the property.

Debtor / Appellant has additional information in seek of the stay which the Court should consider in deciding whether to reinstate the stay.  Given the inquiries by the court, the Appellant has additional information to supplement his motion, some of which have only occurred since the filing of his emergency motion.

**IRREPARABLE HARM:**

The Debtor / Appellant is married (currently undergoing a divorce with his current wife out of fear of the wife's fear of further retribution from Tiffany Eastman) and their infant child. Debtor / Appellant Mongiello has been looking for alternative housing and for storage for belongings they are packing in boxes. They have been unable to find storage and unable to find alternative housing. Money is not a remedy for being homeless and unable to find housing and

storage for their belongings. This has been their homestead home for more than twelve years. They are being ousted from their home with no place to go.

The bankruptcy was NOT filed to forestall the eviction, it was done to prevent irreparable harm until he could prove beyond any doubt that the mortgages which the creditor claimed harmed her credit were void, and that he fully satisfied the terms of the Settlement Agreement that Tiffany Eastman herself is in contempt of court.  He filed the bankruptcy and the two adversary complaints to prove that there is and was no mortgage in Tiffany Eastman's name. The purported Second mortgage servicer, Shellpoint and the second mortgage servicer did not even file a claim. The Debtor sued Shellpoint and the trust and Shellpoint has already said they have no intention of responding to the adversary complaint. Debtor sent the second holder a stipulation for entry of judgment and proof of service of the summons and complaint is being filed by debtors counsel so he can either proceed with the default judgment or by stipulation for entry of judgment he sent to Shellpoint on its behalf and the behalf of the trust.

Debtors counsel has just filed debtors motion for summary judgment against the first, and is seeking quiet title and punitive damages for PHH's conduct in putting the Debtor into contempt of court. PHH took over the servicing from Ocwen. The loan modification that Eastman said Mongiello never obtained was made with OCWEN, honored by Ocwen, and their loan records all show Eastman was removed from the loan by the loan modification / novation.  PHH did not honor the novation and in a letter led Eastman to believe that they still believed her responsible for the mortgage. To the contrary, Debtors Hud Counselor Expert

has discovered facts that the NY State Supreme court did not understand or consider. First, the terms of the loan modification were different. The interest rate and the amount changed. The parties changed to just Mongiello. Mongiello and Ocwen signed the loan modification. The length of the loan changed. The loan logs show that just Christopher Mongiello is a borrower, and Tiffany Eastman's name does not appear where there is a second borrower.

**SUBSTANTIAL INJURY TO OTHER PARTIES**

Tiffany Eastman signed a quitclaim deed more than ten years ago, signing away all right title and interest in the subject property.  She has no right to any of the proceeds from the forced sale and the Court confirmed the same by requiring the proceeds be returned to debtors counsel and deposited into his trust account.  The pending summary judgment and default against the first and second mortgage wipes out any interest in the subject mortgages.  Tiffany Eastman has refused to answer any discovery about proof of the allegations to the harm to her credit. To the contrary, Cyndee Lee testified that she could find no harm to her credit, and with the loan modification, she could have disputed any charge appearing on her account. In fact, when Mongiello heard her complaint from Eastman that her credit report was being harmed, he filed a dispute with her credit reporting agencies demanding that any negative information be removed.  Eastman's own counsel demanded that Mongiello NOT communicate with the credit reporting agencies. So Eastman had no harm to her credit; took no steps to dispute any of these purported debts on her credit report; and did nothing to mitigate her own harm, and got angry when Mongiello

reached out to mitigate that harm. There is no evidence of any harm to her credit. She will receive none of the proceeds from the sale of the property. She has no harm and the equities should balance in favor of the Appellant, not the Appellee.

**SUBSTANTIAL POSSIBLITY OF SUCCESS ON APPEAL**.

Given the new filings by Appellant / Mongiello's debtors counsel, and the conversations with Shellpoint, the appeal absolutely should be in favor of the Appellant. The court sent a core proceeding back to family court before even hearing the motion to have Tiffany Eastman removed as receiver.  Receivership in this case violates the principals of the Chapter 13 debtor in possession.

Tiffany Eastman obtained the order to be appointed as a receiver by making false and material statements to the court, including the claim that Christopher Mongiello was in breach of the settlement agreement more than ten years after it was made. Given the standard, "Appellant must therefore show that the Bankruptcy Court's Order Modifying the Automatic Stay, (*see* ECF No. 1), is "erroneous, and thus, substantially likely to be reversed on appeal," *In re Magnale Farms*, 2018 WL 1664849, at *5 – in other words, that the Order was an abuse of discretion."

Here, the abuse of discretion comes when the Bankruptcy Court refused to consider the facts that there are two adversary complaints which will irrefutably prove that Debtor is free of those liens, one of which the Shellpoint and HSBC did not even file a claim in the bankruptcy court, and have unequivocally stated that they have no intention of fighting the adversary complaint. That the court did not even want to hear or consider the testimony of the HUD counselor that

the first mortgage was in fact modified. That there was a novation, and that even their own records show there is now only one borrower. PHH cannot undo the loan modification with OCWEN. The court did not even rule on the motion to have Eastman relieved as Receiver.  On the 4/7/23 order. My attorneys that represented me stated to me that they were not experts in this area and don't know of that area of the law. I was threatened in the court hallways to make a decision based on myself filing frivolous motions before the court. My attorney told me that I may be responsible for all of her legal fees over 100k since I was already in contempt. My own attorneys didn't understand that the modification was a novation. I was in my bankruptcy attorney's office and heard the conversation between both attorneys and when her attorney was asked what this all about he stated there's just a lot of animosity here.

PHH is a collection agency, and they are not even a proper servicer for this debt after what they have done and the amount of damage they have caused. The put Mongiello into contempt, forced him into bankruptcy, and acted in bad faith breach and interference with the contractual relationship between Mongiello and Ocwen.

All the bad things happening to Mongiello are based on a July 2022 order based on a false testimony by the plaintiff.

The courts are simply not even bothering to read the terms on the actual modification. The modification was never recorded with the county. Even though it says it on the face it is a loan modification and the settlement agreement required him to obtain a loan modification. There was nothing requiring

Mongiello as the only remedy to refinance the property. Modification was an absolute option and he got a loan modification, even better, he got a Novation.

I have submitted exhibits with statements in my name only. The QWR shows that PHH IS COOKING the books.

Original mortgages will always be recorded. County records are not a testament of being true documents. Under 175.00(3) filing false instruments is enterprise corruption.

Who is making the claim is a collection agency (servicer) not the owner.

The court disregarded the filed documents, including the testimony of Cyndee Rae, the fact that Appellant's counsel admission that the conditions were not met are contradicted by the testimony of Cyndee Rae; her exhibits; and the two pending adversary complaints which are nearly completed. There simply should have been no rush to return the debtor back to state court, suffer liquidation of his property, only to return the proceeds back to the bankruptcy court for distribution by the bankruptcy court judge. It makes no sense and was an abuse of discretion.

**PUBLIC INTEREST**

The public has an interest in honesty, veracity and a person coming to court have clean hands. Eastman never paid her $10,000 she promised to pay. She gave up all right title and interest in the property. What about the public interest in honoring settlement agreements. She settled and Mongiello promised to get a loan modification. He got a loan modification. He is being punished for PHH not

honoring that modification when they mailed him a letter saying they are not letting Tiffany Eastman off the hook.

Tiffany Eastman has no interest in the property. She quitclaimed it. She does have animosity toward Mongiello. That is her sole goal, retribution. She has been served with discovery to prove her damages and provided none in return. She asked the court for a protective order protecting her from having to answer and prove her damages. The interests of creditors are a significant determinant of the public interest in a bankruptcy but she literally HAS NO INTEREST. The court has already ruled that the proceeds from any sale would be returned to the Debtors counsel. There is no proof of any harm and SHE DID NOT EVEN FILE A CLAIM for any damages or money. She has no interest in the property and no interest other than vindictiveness.

## CONCLUSION

For the foregoing reasons, Christopher Mongiello respectfully prays for the order staying the stay in place pending the outcome of the appeal and stay pending the outcome of the pending motion to have this court remove Eastman as the receiver. The Court should certify the matter for appeal since it is of a final order granting relief from an automatic stay. *Ritzen Group, Inc. v. Jackson Masonry, LLC*, the U.S. Supreme Court held that: "[A]djudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case" which "yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." In other words, if a bankruptcy court

definitively rules on a motion to lift the stay, a party has 14 days to appeal under Rule 8002 of the Federal Rules of Bankruptcy Procedure.

Dated: February 22, 2024

Respectfully Submitted:

_____
CHRISTOPHER M. MONGIELLO
25 Leroy Place, PH #7,
New Rochelle NY 10805
TEL: 914 646 8224
therockacademy@mac.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served by US Mail, Postage Prepaid, First Class mail, on all parties according to the attached mail list.

Trustee
Thomas C. Frost
Chapter 13 Standing Trustee
399 Knollwood Rd
Suite 102
White Plains, NY 10603
914-328-6333

U.S. Trustee
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
(212) 510-0500

JEFFREY A. REICH
235 Main Street, Suite 450
White Plains, NY 10601
(914) 949-2126
(914) 949-1604 (Fax)

Dated: February 22, 2024

Respectfully Submitted:

_____
CHRISTOPHER M. MONGIELLO
25 Leroy Place, PH #7,
New Rochelle NY 10805
TEL: 914 646 8224
therockacademy@mac.com

19 | P a g e