**CHRISTOPHER M. MONGIELLO**
25 LEROY PLACE, PH #7
NEW ROCHELLE, NY 10805
TEL: 914 646-8224
therockacademy@mac.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Application denied.  This Court could not remove
a receiver appointed by a state judge even if it
wanted to, which it does not.

SO ORDERED.

*Cathy Seibel*                    03/01/24

CATHY SEIBEL, U.S.D.J.

——————————————————x
| |
In Re:  | } APPEALS CASE NO. 7:24-cv-00694-CS
CHRISTOPHER M. MONGIELLO  | } CH 13 BK. CASE NO. 23-22732
   Debtor,  | } **RECONSIDERATION OF**
| } **MOTION FOR STAY PENDING**
| } **APPEAL**
| } **FOR TERMINATION OF**
| } **RECEIVERSHIP**
| } **AND FOR CERTIFICATION**
——————————————————| } **EVICTION DATE**
                       } **FEBRUARY 23, 2024**

To the Court, Debtor / Appellant Christopher M. Mongiello respectfully requests that the court reconsider the relief sought by the Appellant on the following grounds:

At the behest of this court, Mongiello shared the unredacted written offer with the Tiffany Eastman, the temporary receiver. Instead of her consenting to the offer, she objected. She did not consider it. She did not accept it. She instead attacked Mongiello. Then, after receiving her threatening text, Mongiello received an email from Tiffany Eastman's attorney, where the language from the email clearly was the source of her response. Eastman clearly has no intent to act as a temporary receiver. She has taken no steps to market the property after the lifting of the stay, and her only action to date was to seek an order of eviction of the Appellant. In order to mitigate his damages, he was readily able to find an

1

arm's length buyer through the realtor that Mongiello AND Eastman originally used to locate the unit to purchase in the first instance.

Mongiello will suffer great and irreparable harm if this sale is not accepted. He will be forced to move out with no ability to find storage, and no ability to find suitable alternate housing. She takes nothing from the sale of the property. She takes nothing as receiver.

According to the April 7th, 2023 Settlement Agreement Eastman and her attorney refer to in their objection to the sale, it says,

> "THE COURT: Defense counsel, anything to add?
>
> Proceedings 8
> MR. GEMELLI: Yes, your Honor.
> The parties have agreed that the second modification that was instituted before the Court and was so ordered by the Court, in the event that the property is sold, the plaintiff is waiving any interest to any of the net proceeds after the payment of the mortgage and carrying charges or any judgments or debts related to the said property as well as the fact that in the event that the plaintiff is appointed receiver, she will waive any commissions, as we discussed, in connection with this matter.
> Ms. Marino, anything else?
> MS. MARINO: Just more specifically, Ms. Eastman has been appointed temporary receivership. She is -- part of the agreement is that she is willing to waive any temporary receivership fees incurred to date, as well as future fees incurred in connection with this litigation.
> MS. KENYON: That's correct, your Honor, that is our understanding."

At the behest of this court, Mongiello shared the offer with the temporary receiver who clearly has waived all rights to the proceeds from the property and all rights to any receivership fees incurred to date as well as all future fees incurred in

2

connection with this litigation. She has been presented with an offer which sells the property, which solves her pretend problem of harm to her credit, (which is unsupported by any evidence, credit report, denial of credit, or evidence of any harm and the subject of pending discovery propounded to her in the bankruptcy court proceedings).  She has waived all her rights to all future legal fees from April 7th, 2023 to the present.

Debtor / Appellant then responded, asking for a simple yes or no response, not an objection.  Do you consent to the sale, Yes or No.  Her response came not from her, but from her counsel.



Clearly, they have no intention of accepting this offer, no intention of acting as a receiver, and only intend on intentionally causing harm to the bankruptcy estate, cause harm to the debtor, and incur damages for which they have already agreed they are not entitled to ever recover. The April 7th, settlement agreement is quite explicit. Eastman has waived her rights to any of the proceeds from the sale of the property; waived her rights to any commission for the sale of the property; waived her rights to any fees as a receiver; and waived her rights to future legal fees after April 7th, 2023.  There was absolutely NO reason not to accept the offer. Debtor asked for an explanation or justification if the receiver did not consent. Instead of responding, her counsel just reiterated her objection and said she objected. See the attached correspondence chain.

Tiffany Eastman has breached her fiduciary duties as a receiver. "The elements of a claim for breach of fiduciary duty under New York law are "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages."[234] Generally, no fiduciary duties arise where parties deal at arm's length in conventional business transactions.[235] However, a fiduciary relationship may arise where the parties to a contract specifically agree to such a relationship, or if "one party's superior position or superior access to confidential information is so great as virtually to require the other party to repose trust and confidence in the first party."[236] The plaintiff must demonstrate 196*196 that the defendant was "under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation."[237]

4

"While the `exact limits' of what constitutes a fiduciary relationship are `impossible of statement,' a fiduciary relationship may be found in any case `in which influence has been acquired and abused, in which confidence has been reposed and betrayed.'"[238] Contractual relations or formal writings are not required to establish a fiduciary duty.[239] "Rather, the ongoing conduct between parties must be considered."[240] Whether a party reposed confidence in another and reasonably relied on the other's superior expertise or knowledge is a "fact-specific inquiry."[241] Where a plaintiff alleges a breach of fiduciary duty by conduct not amounting to fraud, such as breach of a duty of care, disclosure, or loyalty, the general pleading standards set out by Rule 8(a) of the Federal Rules of Civil Procedure, not the heightened standards of Rule 9(b), apply.[242]" The elements of a claim for breach of fiduciary duty under New York law are "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages." *SCS Commc'ns., Inc. v. Herrick Co., 360 F.3d 329, 342 (2d Cir.2004)*.

DUTY: As a result of this direct appointment of the receiver, a fiduciary relationship has been established.  Her duties as a receiver include just the sale of the property and then require the proceeds of that sale be deposited with counsel for the debtor in the bankruptcy. She had two jobs, sell the property and deposit the money with debtors counsel.

The breach of that duty occurred when the receiver objected to an extremely favorable offer which was for MORE money than the receiver herself tried to sell the property for in the past, and it permits the Debtor / Mongiello to remain in

possession of the unit, only paying the association dues. She has no right to evict the Debtor, and had no right to object to the favorable terms of a sale which exceeded the the terms of the offer she tried to accept prior.

**CAUSATION:**

As an actual and proximate cause of rejecting the offer, the Debtor has caused irreparable harm to the Debtor. Tiffany Eastman did not have the power to reject an offer to sale of such a great magnitude. As an actual and proximate cause of rejecting this offer, the Debtor now has a cause of action against Tiffany Eastman for breach of fiduciary duty and for exemplary damages.

**DAMAGES:**

The offer was unbeatable, and as a result of this breach, the Debtors damages include the value of those rent savings for fifteen years, and at $4000 a month, the debtor expects his damages to be $750,000 directly caused by the Eastman and her counsel.

**RELIEF SOUGHT**

The Debtor / Appellant respectfully prays that the court reconsider its decision, and immediately remove Eastman as receiver, permit the Debtor / Appellant to accept the offer immediately before the receiver communicates the rejection to the offeror and cause irreparable harm to the Debtor.

RESPECTFULLY SUBMITTED

DATED:  FEBRUARY 29TH, 2024

_____
**CHRISTOPHER M. MONGIELLO**
25 LEROY PLACE, PH #7
NEW ROCHELLE, NY 10805

TEL: 914 646-8224
therockacademy@mac.com

EXHIBITS

1. EMAIL TO EASTMAN INCLUDING UNREDACTED OFFER

**From:** The Rock Academy <therockacademy@mac.com>
**Sent:** Wednesday, February 28, 2024 9:20 PM
**To:** john@johnmanninglaw.com; Todd S Cushner <todd@cushnerLegal.com>; Richard Sarcone <sarconerichard@hotmail.com>; Jessica Ressler <jressler@westchestermatrimonial.com>; Meredith Kenyon <mkenyon@westchestermatrimonial.com>; Jeff Reich <jreich@reichpc.com>; Tiffany Brooke Brooke Eastman <te@tiffanyeastmaninteriors.com>
**Subject:** Written Contract Offer- Not Signed

Attached please find the offer I intend to accept. Unless you object to this amazing deal I will inform the Supreme Court of appeals you consent to selling the property. That will terminate your receivership.

Kind Regards,

**CHRIS MONGIELLO**

**(W)** 914-560-4172  Chris@TheRockAcademy1.com
**(M)** 914-646-8224   TheRockAcademy1.com

Standard Form Contract for Purchase and Sale of Real Estate

**THIS IS A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, WE RECOMMEND
ALL PARTIES TO THE CONTRACT CONSULT AN ATTORNEY BEFORE SIGNING.**

1. IDENTIFICATION OF PARTIES TO THE CONTRACT
A. SELLER - The seller is _Christopher Michael Mongiello_
B. Residing at_ 25 Leroy Place, PH#7, New Rochelle, NY 10805_
   (The word "Seller" refers to each and all parties who have an ownership interest in the property.)
C. PURCHASER - The purchaser is __FRANK COLETTI_
D. Residing at _____
   (The word "Purchaser" refers to each and all of those who signed below as Purchaser.)

2. PROPERTY TO BE SOLD
The property and improvements which the Seller is agreeing to sell and which the Purchaser is agreeing to purchase is known as
_25 Leroy Place, PH#7, New Rochelle, NY 10805_____, located in the city, village or town
of ____New Rochelle_____ in ____Westchester____County, in the State of New York, This property includes
all the Seller's rights and privileges, if any, to all land, water, streets and roads annexed to, and on all sides of the property,
The lot size of the property is approximately _____.

3. ITEMS INCLUDED IN SALE: _Appliances including new refrigerator, washer, dryer, tankless water heater, fixtures_
_including but not limited to, blinds, window treatments, built in closets and other attachments to the property._

The items listed above if now in or on said premises, and owned by the Seller free from all liens and encumbrances, are included in the sale "as is ",
on the date of this offer, together with the following items: _____.

4. ITEMS EXCLUDED FROM SALE
The following items are excluded from the sale:__ _Furniture, items that are not attached to the property._____.

5. PURCHASE PRICE
The purchase price is _Five Hundred Thirty Seven thousand dollars ($537,00,00) cash on closing_____ DOLLARS
  ($ _537,000,00_____) The Purchaser shall pay the purchase price as follows:
A. $ _5,000_____ Deposit with this contract and held pursuant to paragraph 16 herein
B. $ _____ Additional deposit on _____
C. $ _532,000_____ In cash, certified check, bank draft or attorney escrow account check at closing
D. $ _____ (Other) _Buyers Share of Closing Costs per escrow officer to be determined._

6. MORTGAGE CONTINGENCY_ not applicable._
A. This agreement is contingent upon Purchaser obtaining approval of a _____Conventional, _____FHA or _____VA (if FHA or VA, see
attached required addendum) or _____mortgage loan of $ _____for a term of no more than _____years
at an initial _____fixed or _____adjustable nominal interest rate not to exceed _____% (percent), Purchaser agrees to use diligent
efforts to obtain said approval and shall apply for the mortgage loan within _____ business days after the Seller has accepted this
contract.
Purchaser agrees to apply for such mortgage loan to at least one lending institution or licensed mortgage broker, Upon receipt of a written
mortgage commitment or in the event Purchaser chooses to waive this mortgage contingency, Purchaser shall provide notice in writing to
_____ of Purchaser's receipt of the mortgage commitment or of
Purchaser's waiving of this contingency, Upon receipt of such notice this contingency shall be deemed waived or satisfied as the case may
be. In the event notice as called for in the preceding sentence has not been received on or before _____
then either Purchaser or Seller may **within five business days of such date** terminate, or the parties may mutually agree to extend, this
contract by written notice to _____. Upon receipt of
termination notice from either party, and in the case of notice by the Purchaser, proof of Purchaser's inability to obtain said mortgage approval,
this agreement shall be cancelled, null and void, and all deposits made hereunder shall be returned to the Purchaser.

B. Seller's Contribution: At closing, as a credit toward prepaids, closing costs and/or points, Seller shall credit to Purchaser $_____
or _____% (percent) of the purchase price or $_____ mortgage amount.

Purchaser's Initials _____

Seller's Initials _____

* Sale is contingent on the following terms:  1. Long escrow (initial 90 days from date signed
2. Removal of Tiffany Eastman as receiver; her written consent to the sale without further interference; or her
resignation as receiver. Motions are pending in multiple courts for her removal.  3. Completion of the two adversary
complaints against both mortgage lenders (declaratory relief pending on both mortgages); Closing can occur 30 days
after conclusion of each case and expiration of time to appeal. Pending are motions for summary judgment on the first

7.  MORTGAGE EXPENSE AND RECORDING FEES and motion for entry of default and default judgment on the second.
The Mortgage Recording Tax imposed on the mortgagor, mortgage and deed recording fees, expenses of drawing papers and any other
expenses to be incurred in connection with procuring a mortgage, shall be paid by the Purchaser.

8.  OTHER TERMS (If Any)
     See Above. 4. Seller to be allowed to remain in possession as a tenant for no less than
a ten year term where rent to be paid is equivalent to the association dues. Lease is renewable on the same terms for
two additional five year terms. Sale by Buyer of Unit 304 of 25 Leroy Place within 90 days of removal of above

9.  TITLE AND SURVEY contingencies.

A ___x___ 40-year abstract of title, tax search and any continuations thereof, or a ___x___ fee title insurance policy, shall be obtained at the
expense of ___x___ Purchaser or _____ Seller. (If both boxes are checked, the option of whether an Abstract of Title or fee policy is provided
shall be that of the party paying for same.)  The Seller shall cooperate in providing any available survey, abstract or title or title insurance policy
information, without cost to Purchaser. The Purchaser shall pay the cost of updating any such survey or the cost of a new survey.

10. CONDITIONS AFFECTING TITLE

The Seller shall convey and the Purchaser shall accept the property subject to all covenants, conditions, restrictions and easements of record
and zoning and environmental protection laws so long as the property is not in violation thereof and any of the foregoing does not prevent the
intended use of the property for the purpose of _____private residence_____; also subject to any existing tenancies, any unpaid
installments of street and other improvement assessments payable after the date of the transfer of title to the property, and any state of facts
which an inspection and/or accurate survey may show, provided that nothing in this paragraph renders the title to the property unmarketable.

11. DEED

The property shall be transferred from Seller to Purchaser by means of a Warranty Deed, with Lien Covenant, or
deed, furnished by the Seller.  The deed and real property transfer gains tax affidavit will be properly prepared and signed so that it will be
accepted for recording by the County Clerk in the County in which the property is located.  If the Seller is transferring the property as an
executor, administrator, trustee, committee, or conservator, the deed usual to such cases shall be accepted.

12. NEW YORK STATE TRANSFER TAX, ADDITIONAL TAX AND MORTGAGE SATISFACTION

The Seller shall pay New York State Real Property Transfer Tax imposed by Section 1402 of the Tax Law and further agrees to pay the expenses
of procuring and recording satisfactions of any existing mortgages.  If applicable, the Purchaser shall pay the Additional Tax (a/k/a the "Mansion
Tax" or "Luxury Tax") imposed by Section 1402-A of the Tax Law on transfer of $1,000,000 or more.

13. TAX AND OTHER ADJUSTMENTS

The following, if any, shall be apportioned so that the Purchaser and Seller are assuming the expenses of the property and income from the
property as of the date of transfer title.
A. Rents and security deposits.  Seller shall assign to Purchaser all written leases and security deposits affecting the premises.
B. Taxes, sewer, water, rents, and condominium or homeowner association fees.
C. Municipal assessment yearly installments except as set forth in item "10".
D. Fuel, based upon fair market value at time of closing as confirmed by a certificate provided by Seller's supplier.

14. RIGHT OF INSPECTION AND ACCESS

Purchaser and/or representative shall be given access to the property for any tests or inspections required by the terms of this contract upon
reasonable notice to the Seller or a representative.  Purchaser and/or a representative shall be given the right of inspection of the property, at a
reasonable hour within 48 hours prior to transfer of title.

15. TRANSFER OF TITLE/POSSESSION

The transfer of title to the property from Seller to Purchaser will take place at the office of the lender's attorney if the Purchaser obtains a
mortgage loan from a lending institution.  Otherwise, the closing will be at the office of the attorney for the Seller. The closing will be on or before
(Date) dates set forth above _____, 20___.  Possession shall be granted upon transfer of title unless otherwise mutually agreed upon in
writing signed by both parties.

16. DEPOSITS

It is agreed that any deposits by the Purchaser are to be deposited with the Listing Broker at _____ as
part of the purchase price.  If the Seller does not accept the Purchaser's offer, all deposits shall be returned to Purchaser.  If the offer is accepted
by the Seller, all deposits will be held in escrow by the Listing Broker and deposited into the Listing Broker's escrow account in the institution
identified above, until the  contingencies and terms have been met.  The Purchaser will receive credit on the total amount of the deposit toward
the purchase price.  Broker shall then apply the total deposit to the brokerage fee.  Any excess of deposit over and    above the fee earned will go
to the Seller, if the contingences and terms contained herein cannot be resolved, or in the event of default by the Seller or the Purchaser, the
deposits will be held by the Broker pending a resolution of the disposition of the deposits.  If the Broker holding the deposit determines, in its sole
discretion, that sufficient progress is not being made toward a resolution of the dispute that Broker may commence an interpleaded action and pay
the deposit monies into Supreme Court of the county where the property is located.  The Broker's reasonable costs and expenses, including
attorney's fees, shall be paid from the deposit upon the resolution of the interpleaded action and the remaining net proceeds of  the  deposit  shall
be disbursed to the prevailing claimant.  In the event the deposit is insufficient to cover the Broker's entitlement, the non-prevailing party shall pay
the remaining balance.

Purchaser's Initials _____                                                                                                 Seller's Initials _____

12

**17. TIME PERIOD OFFER**
Purchaser and Seller understand and agree that, unless earlier withdrawn, this offer is good until **12:00** ____a.m. _____p.m. **March 20th.** _____, 20**24**__, and if not accepted by the Seller prior to that time, then this offer becomes null and void.

**18. REAL ESTATE BROKER AND COOPERATING BROKER COMPENSATION**
A. REAL ESTATE BROKER: The Purchaser and Seller agree that _____ **NICHOLAS RUSSO** _____ and **NO ONE ELSE** _____ brought about the sale, and Seller agrees to pay the brokerage commission as set forth in the listing agreement and Purchaser agrees to pay brokers' commission as set forth in the buyer's broker agreement, if applicable.
B. COOPERATING BROKER COMPENSATION
The Cooperating Broker shall be paid ____**4**____% (percent) of the purchase price or _____ **$21,480** _____ no later than closing.  The amount paid shall be credited to the Purchaser as part of the purchase price and to the Seller as part of the commission due to the Listing Broker.  The Cooperating Broker agrees to apply this amount against its commission under any agency agreement with Purchaser.  Nothing
herein shall be deemed to have altered the agency relationship disclosed.

**19. ATTORNEY APPROVAL  N/A**
This agreement is contingent upon Purchaser and Seller obtaining approval of this agreement by their attorney as to all matters, without limitation.  This contingency shall be deemed waived unless Purchaser's or Seller's attorney on  behalf of their client notifies _____ _____ in writing, as called for in paragraph "23", of their disapproval of the agreement no later than _____, _____.  If Purchaser's or Seller's attorney so notifies, then this agreement shall be deemed cancelled, null and void, and all deposits shall be returned to the Purchaser.

**20. CONDITION OF PREMISES**
The buildings on the premises are sold "as is" without warranty as to condition, and the Purchaser agrees to take title to the buildings "as is" in their present condition subject to reasonable use, wear, tear and natural deterioration between the date hereof and the closing of title:  except that in the case of any destruction within the meaning of the provisions of Section 5-1311 of the General Obligations Law of the State of New York entitled Uniform Vendor and Purchase Risk Act, "said section" shall apply to this contract.

**21. INSPECTIONS - NOT APPLICABLE, THE PROPERTY IS BEING SOLD AS-IS.**
This agreement is contingent upon all of the following provisions marked with the parties' initials.  All those provisions marked with "NA" shall not apply.

N/A  _____  STRUCTURAL INSPECTION:  A determination, by a New York State licensed home inspector, registered architect or licensed engineer, or a third party who is _____, or other qualified person, that the premises are free from any substantial structural, mechanical, electrical, plumbing, roof covering, water or sewer defects, The term substantial to refer to any individual repair which will reasonably cost over $1,500 to correct, The following buildings or items on the premises are excluded from this inspection: _____
_____.

N/A  _____  WOOD DESROYING ORGANISMS (PEST, TERMITE INSPECTION):  A determination by a Certified Exterminator or other qualified professional that the premises are free from infestation or damage by wood destroying organisms.

N/A  _____  SEPTIC SYSTEM INSPECTION:  A test of the septic system by a licensed professional engineer, licensed plumber, septic system contractor, County Health Department, or other qualified person indicating that the system is in working order.

N/A  _____  WELL WATER FLOW AND/OR QUALITY TESTS:  (1) A potability water equality test to meet the standards of the New York State Department of Health to be performed by a New York State approved laboratory, (2) any chemical, metal, inorganic or other tests as the Purchaser may request, and (3) a flow test to be performed indicating a minimum flow of sufficient quantity to:
(a) ____ obtain mortgage financing on subject property; and/or
(b) ____ to produce _____gallons per minute for _____ hours.

N/A  _____  RADON INSPECTION:  The Purchaser may have the dwelling located on the property tested by a reputable service for the presence of radon gas.  The Seller agrees to maintain a "closed- house condition" during the test.  "Closed-housed condition" shall mean that the Seller shall keep the windows closed and minimize the number of times the exterior doors are opened and the time that they are left open,  The Seller agrees to comply with all reasonable requirements of the testing service in connection with the test, provided such compliance shall be at no cost to the Seller.  If the test reveals that the level of radon gas is four (4) picocuries per liter or higher, the presence of radon gas shall be deemed grounds for cancellation of the contract.

All tests and/or inspections contemplated pursuant to this paragraph "21" shall be completed on or before _____ and at Purchaser's expense, and shall be deemed waived unless Purchaser shall notify _____ of failure of any of these tests and/or inspections.  If Purchaser so notifies, and further supplies written confirmation by a copy of the test results and/or inspection reports(s), or letter(s) from inspector, then this entire agreement shall be deemed cancelled, null and void and all deposits made hereunder shall be returned to Purchaser or, at Purchaser's option, said cancellation may be deferred for a period of ten (10) days in order to provide the parties an opportunity to otherwise agree in writing.

Purchaser's Initials _____                                                    Seller's Initials _____

22. ADDENDA AND MANDATED FORMS: The following attached addenda are part of this Agreement.   N/A

A. _____   B. _____   C. _____

D. _____   E. _____   F. _____

23. NOTICES
All notices contemplated by this agreement shall be in writing, delivered by [a] certified or registered mail, return receipt requested, postmarked no later than the required date; [b] by telecopy/facsimile transmitted by such date; [c] by personal delivery by such date.

24. ENTIRE AGREEMENT
This contract contains all agreements of the parties hereto. There are no promises, agreements, terms, conditions, warranties, representations or statements other than contained herein. This Agreement shall apply to and bind the heirs, legal representatives, successors and assigns of the respective parties. It may not be changed orally. The parties agree that the venue for any issues concerning this contract shall be the county in which the property is located.

_____   _____     _____   _____
Date                              Time        Date                              Time

_____                _____
Purchaser FRANK COLETTI                        Seller CHRISTOPHER MICHAEL MONGIELLO

_____                _____
Purchaser                                      Seller

_____                _____
Selling Broker                                 Listing Broker   NICHOLAS RUSSO

The following is for informational purposes only: **PLEASE COMPLETE**

Attorney for Purchaser                         Attorney for Seller

Name **Frank Dimarco**                         Name **John Manning**
_____                _____

Address _____        Address _____

Phone _____ Fax _____      Phone _____ Fax _____

Purchaser's Email Address                       Seller's Email Address

_____         _____
Purchaser's Phone _____         Seller's Phone _____

Selling Agent's Email Address                   Listing Agent's Email Address

_____         _____
Selling Agent's Phone _____         Listing Agent's Phone _____

Selling Agent's Fax _____         Listing Agent's Fax _____

Property Tax Identification Number _____

City, Village, Town _____

Mailing Address of Property to be Sold _____

_____

EXHIBIT 2 – RESPONSE FROM COUNSEL FOR EASTMAN



From: **Richard Sarcone** sarconerichard@hotmail.com
Subject: Fwd: Written Contract Offer- Not Signed
Date: February 29, 2024 at 7:19 AM
To: The Rock Academy therockacademy@mac.com

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

From: Meredith Kenyon <mkenyon@westchestermatrimonial.com>
Sent: Wednesday, February 28, 2024 9:32:07 PM
To: john@johnmanninglaw.com <john@johnmanninglaw.com>; Todd S Cushner
<todd@cushnerLegal.com>; Richard Sarcone <sarconerichard@hotmail.com>; Jeff Reich
<jreich@reichpc.com>
Cc: Jessica Ressler <jressler@westchestermatrimonial.com>
Subject: RE: Written Contract Offer- Not Signed

Dear Counsel,

As I am sure you are all aware, pursuant to the parties' So-Ordered settlement agreement
dated April 7, 2023, my client, Tiffany Eastman, is currently the receiver for the subject
property. There is also an extant Order of Eviction. As such, Mr. Mongiello does not have
the authority to enter into a contract of any kind, whether it be for sale or otherwise, with
respect to this property. Further, for the avoidance of any doubt, Ms. Eastman expressly
objects to Mr. Mongiello's continued attempts to thwart the orders of the court.

Finally, Mr. Sarcone, I would again ask you to direct your client not to contact my office
directly as I am not permitted to communicate with him directly as he is currently
represented by you in connection with the on-going Supreme Court matter.

Please be guided accordingly.

Thank you,
Meredith Kenyon

**Meredith J. Kenyon, Esq.**
Ressler & Associates
222 Bloomingdale Road, Suite 302
White Plains, New York 10605
Tel: 914-761-2300
Fax: 914-761-2301
mkenyon@westchestermatrimonial.com
www.westchestermatrimonial.com



EXHIBIT 3 – DIRECT TEXT RESPONSE FROM EASTMAN MIMICKING RESPONSE FROM EASTMAN'S COUNSEL OBJECTING TO THE SALE



**CHRISTOPHER M. MONGIELLO**
25 LEROY PLACE, PH #7
NEW ROCHELLE, NY 10805
TEL: 914 646-8224
therockacademy@mac.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

In Re:
CHRISTOPHER M. MONGIELLO

     Debtor,

———————————————————————

} APPEALS CASE NO. 7:24-cv-00694-CS
} CH 13 BK. CASE NO. 23-22732
}
} **AFFIRMATION IN SUPPORT OF**
} **RECONSIDERATION OF**
} **MOTION FOR STAY PENDING**
} **APPEAL**
} **FOR TERMINATION OF**
} **RECEIVERSHIP**
} **AND FOR CERTIFICATION**
} **EVICTION DATE**
} **FEBRUARY 23, 2024**

To the Court, Debtor / Appellant Christopher M. Mongiello respectfully AFFIRMS

AS FOLLOWS:

If called to testify, Christopher Mongiello affirms that he can testify to the
following facts from his personal knowledge.

1. Debtor / Appellant requests that the court reconsider the relief sought by
   the Appellant on the following grounds:

2. At the behest of this court, Mongiello shared the unredacted written offer
   with the Tiffany Eastman, the temporary receiver.

3. Instead of her consenting to the offer, she objected.

4. She did not consider it.

5. She did not accept it.

6. She instead attacked Mongiello.

7. She has not listed the property for sale prior to attempting to evict Mongiello.

8. Then, after receiving her threatening text, Mongiello received an email from Tiffany Eastman's attorney, where the language from the email clearly was the source of her response.

9. Eastman clearly has no intent to act as a temporary receiver.

10. She has taken no steps to market the property after the lifting of the stay, and her only action to date was to seek an order of eviction of the Appellant.

11. In order to mitigate his damages, he was readily able to find an arm's length buyer through the realtor that Mongiello AND Eastman originally used to locate the unit to purchase in the first instance.

12. Mongiello will suffer great and irreparable harm if this sale is not accepted. He will be forced to move out with no ability to find storage, and no ability to find suitable alternate housing.

13. She takes nothing from the sale of the property. She takes nothing as receiver.

14. According to the April 7th, 2023 Settlement Agreement Eastman and her attorney refer to in their objection to the sale, it says,

"THE COURT: Defense counsel, anything to add?

Proceedings 8
MR. GEMELLI: Yes, your Honor.
The parties have agreed that the second modification that was instituted before the Court and was so ordered by the Court, in the event that the property is sold, the plaintiff is waiving any interest

to any of the net proceeds after the payment of the mortgage and carrying charges or any judgments or debts related to the said property as well as the fact that in the event that the plaintiff is appointed receiver, she will waive any commissions, as we discussed, in connection with this matter.

Ms. Marino, anything else?

MS. MARINO: Just more specifically, Ms. Eastman has been appointed temporary receivership. She is -- part of the agreement is that she is willing to waive any temporary receivership fees incurred to date, as well as future fees incurred in connection with this litigation.

MS. KENYON: That's correct, your Honor, that is our understanding."

15.     At the behest of this court, Mongiello shared the offer with the temporary receiver who clearly has waived all rights to the proceeds from the property and all rights to any receivership fees incurred to date as well as all future fees incurred in connection with this litigation.

16.     She has been presented with an offer which sells the property, which solves her pretend problem of harm to her credit, (which is unsupported by any evidence, credit report, denial of credit, or evidence of any harm and the subject of pending discovery propounded to her in the bankruptcy court proceedings).

17.     She has waived all her rights to all future legal fees from April 7th, 2023 to the present.

18.     Debtor / Appellant then responded, asking for a simple yes or no response, not an objection.

19.     Do you consent to the sale, Yes or No.

20.     Her response came not from her, but from her counsel.



21.     Clearly, they have no intention of accepting this offer, no intention of acting as a receiver, and only intend on intentionally causing harm to the bankruptcy estate, cause harm to the debtor, and incur damages for which they have already agreed they are not entitled to ever recover.

22.     The April 7th, settlement agreement is quite explicit. Eastman has waived her rights to any of the proceeds from the sale of the property; waived her rights to any commission for the sale of the property; waived her rights to any fees as a receiver; and waived her rights to future legal fees after April 7th, 2023.

23.     There was absolutely NO reason not to accept the offer.

24.     Debtor asked for an explanation or justification if the receiver did not consent.

25.     Instead of responding, her counsel just reiterated her objection and said she objected. See the attached correspondence chain.

26.     Tiffany Eastman has breached her fiduciary duties as a receiver.

27.     DUTY: As a result of this direct appointment of the receiver, a fiduciary relationship has been established.

28.     Her duties as a receiver include just the sale of the property and then require the proceeds of that sale be deposited with counsel for the debtor in the bankruptcy.

29.     She had two jobs, sell the property and deposit the money with debtors counsel.

30.     The breach of that duty occurred when the receiver objected to an extremely favorable offer which was for MORE money than the receiver herself tried to sell the property for in the past, and it permits the Debtor / Mongiello to remain in possession of the unit, only paying the association dues.

31.     She has no right to evict the Debtor, and had no right to object to the favorable terms of a sale which exceeded the the terms of the offer she tried to accept prior.

32.     **CAUSATION:**

33.     As an actual and proximate cause of rejecting the offer, the Debtor has caused irreparable harm to the Debtor.

34.     Tiffany Eastman did not have the power to reject an offer to sale of such a great magnitude.

35.     As an actual and proximate cause of rejecting this offer, the Debtor now has a cause of action against Tiffany Eastman for breach of fiduciary duty and for exemplary damages.

36.     **DAMAGES:**

37.     The offer was unbeatable, and as a result of this breach, the Debtors damages include the value of those rent savings for fifteen years, and at $4000 a month, the debtor expects his damages to be $750,000 directly caused by the Eastman and her counsel.

38.     **RELIEF SOUGHT**

39.     The Debtor / Appellant respectfully prays that the court reconsider its decision, and immediately remove Eastman as receiver, permit the Debtor / Appellant to accept the offer immediately before the receiver communicates the rejection to the offeror and cause irreparable harm to the Debtor.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT EXCEPT THOSE MATTERS WHICH ARE BASED ON MY INFORMATION AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

RESPECTFULLY SUBMITTED

DATED:  FEBRUARY 29TH, 2024

_____
**CHRISTOPHER M. MONGIELLO**
25 LEROY PLACE, PH #7
NEW ROCHELLE, NY 10805
TEL: 914 646-8224
therockacademy@mac.com

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been served by US Mail, Postage

Prepaid, First Class mail, on all parties according to the attached mail list.

> Trustee
> Thomas C. Frost
> Chapter 13 Standing Trustee
> 399 Knollwood Rd
> Suite 102
> White Plains, NY 10603
> 914-328-6333
>
> U.S. Trustee
> United States Trustee
> Office of the United States Trustee - NY
> Alexander Hamilton Custom House
> One Bowling Green, Room 534
> New York, NY 10004-1408
> (212) 510-0500
>
> JEFFREY A. REICH
> 235 Main Street, Suite 450
> White Plains, NY 10601
> (914) 949-2126
> (914) 949-1604 (Fax)

RESPECTFULLY SUBMITTED

DATED:  FEBRUARY 29TH, 2024

_____

**CHRISTOPHER M. MONGIELLO**
25 LEROY PLACE, PH #7
NEW ROCHELLE, NY 10805
TEL: 914 646-8224
therockacademy@mac.com